NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-997

SARAH FRYOUX, ET UX.

VERSUS

TENSAS BASIN LEVEE DISTRICT, ET AL.

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 25,790 "A"
HONORABLE KATHY JOHNSON, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

Jack Forsythe Owens, Jr.
P. O. Box 595
Harrisonburg, LA 71340
(318) 744-5431
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Sarah Fryoux
    David Fryoux

**Edwin H. Byrd, III**
**Pettiette, Armand, Dunkelman, Woodley,**
**Byrd & Cromwell, L.L.P.**
**P. O. Drawer 1786**
**Shreveport, LA 71166-1786**
**(318) 221-1800**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Tensas Basin Levee District**

**PICKETT, Judge.**

Landowners appeal the grant of summary judgment in favor of levee district, dismissing their claims for damages caused by rising water that resulted from rains which fell during Hurricane Gustav. We affirm the trial court's judgment.

## FACTS

Sarah and David Fryoux filed suit against the Tensas Basin Levee District (Levee District) and the Town of Jonesville (the Town), seeking to recover damages they incurred when their home flooded during or after Hurricane Gustav. They alleged that prior to Hurricane Gustav, the two entities failed to take appropriate precautions with regard to the Jonesville Ring Levee drainage gates and that their failure to act caused their property to flood. The Town filed a Peremptory Exception of No Cause of Action, Alternative Dilatory Exception of Vagueness and Alternative Motion to Strike, asserting that the Fryouxs failed to state a cause of action against it. The Town based its exception on La.R.S. 38:281(Q), arguing that the Levee District owned, maintained, and controlled the levee system in Catahoula Parish, which includes the Jonesville Ring Levee drainage gates. Therefore, the Town argued that the Fryouxs had no claims against it for their damages. A hearing was held. The Fryouxs did not present evidence opposing the exception of no right of action, and it was granted. The Fryouxs did not appeal the judgment dismissing their claims against the Town.

The Levee District then filed a motion for summary judgment, asserting that all of the Fryouxs' allegations concerned emergency preparedness decisions it made in preparation for Hurricane Gustav and that the Louisiana Homeland Security and Emergency Assistance and Disaster Act, La.R.S. 29:721-739, (the Act) granted it immunity for all "emergency preparedness activities." Only counsel for the Levee District attended the hearing on its motion for summary

judgment. Having considered the evidence introduced in support of the motion for summary judgment, the trial court granted summary judgment in favor of the Levee District and dismissed the Fryouxs' claims. The Fryouxs appealed.

## SUMMARY JUDGMENT

Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. *La. Safety Ass'n of Timbermen-Self Insurers Fund v. La. Ins. Guar. Ass'n*, 09-23 (La. 6/26/09), 17 So.3d 350. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). Summary judgment "is favored and shall be construed" "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

The initial burden of proof is on the movant to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, he need "not negate all essential elements of the adverse party's claim," but he must show "there is an absence of factual support for one or more elements essential [to the] claim." *Id*. Once the movant has met his initial burden of proof, the burden shifts to the adverse party "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial." *Id*.

## DISCUSSION

In *Bordelon v. Gravity Drainage District No. 4 of Ward 3 of Calcasieu Parish*, 10-1318, pp. 6-7 (La.App. 3 Cir. 10/5/11), 74 So.3d 766, 770, *writ denied*,

2

11-2438 (La. 1/13/12), 77 So.3d 971 (case citations omitted), this court outlined provisions of the Act that are pertinent to the Fryouxs' claims, stating:

The Act immunizes from liability the State and its political subdivisions "engaged in any homeland security and emergency preparedness activities while complying with or attempting to comply with" the Act or with rules and regulations promulgated pursuant to the Act. La.R.S. 29:735(A)(1). "Emergency preparedness" is defined as "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." La.R.S. 29:723(4). An "emergency" is an "actual or threatened condition which has been or may be created by a disaster," or "[a]ny natural or man-made event which results in an interruption in the delivery of utility services . . . and which affects the safety, health, or welfare of a Louisiana resident," or "[a]ny instance in which a utility's property is damaged and such damage creates a dangerous condition to the public," or "[a]ny national or state emergency, including acts of terrorism or a congressional authorization or presidential declaration pursuant to the War Powers Resolution." La.R.S. 29:723(3). Lastly,

"Disaster" means the result of a natural or man-made event which causes loss of life, injury, and property damage, including but not limited to natural disasters such as hurricane, tornado, storm, flood, high winds . . . forest and marsh fires . . . nuclear power plant incidents, hazardous materials incidents, oil spills, explosion, civil disturbances, public calamity, acts of terrorism, hostile military action, and other events related thereto.

La.R.S. 29:723(2).

The ordinary rules of statutory construction are altered in any discussion of statutes conferring civil immunity. The statutes are strictly interpreted, and where there is any doubt about the meaning, courts adopt that interpretation which changes the law the least.

The Levee District presented the following evidence to support its motion: (1) a state of emergency regarding Hurricane Gustav was declared for the period August 27, 2008, through September 26, 2008; (2) on Friday, August 30, 2008, prior to Hurricane Gustav coming ashore on Monday, September 1, 2008, Levee District employees inspected the six culverts for which it is responsible and ensured that the gates were open and that no debris blocked the intake or culverts;

3

and (3) Levee District employees checked the drainage structures for which it is responsible on Tuesday, September 2, 2008, and found "everything was clear."

The Levee District contends that all of the Fryouxs' allegations involve emergency preparedness and response activities that allegedly caused damage to their property occurred during the declared the state of emergency declared for Hurricane Gustav. It further contends that there is no legislation directing the Levee District to make any particular decision on whether to open floodgates or pump water during an emergency; therefore, those decisions are discretionary. Additionally, the Levee District contends that if any debris accumulated, it did so because of flooding that resulted from the heavy rain associated with Hurricane Gustav, not blocked floodgates or drainage canals. Lastly, the Levee District points out that the flooding occurred during a declared state of emergency.

We have reviewed the evidence. It is unclear as to which entity is responsible for the specific drainage structures and byways in the Town. Therefore, we find that a genuine issue of material fact exists as to whether the flooding that damaged the Fryouxs' property resulted from (1) heavy rain associated with Hurricane Gustav, (2) blockages for which the Levee District would be responsible, or (3) blockages for which the Town would be responsible. There is no genuine issue of material fact, however, that any flooding that occurred during and/or after Hurricane Gustav occurred during a declared state of emergency and that the Levee District checked the drainage structures for which it is responsible before and after Hurricane Gustav came ashore and found the structures were clear and working properly. Accordingly, we find no error with the trial court's determination that the Levee District is entitled to judgment dismissing the Fryouxs' claims against it.

4

## DISPOSITION

The judgment of the trial court is affirmed. All costs are assessed to the Sarah and David Fryoux.

**AFFIRMED.**